# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VICTOR GARCIA,

           Plaintiff,

-vs-                                                Case No.  6:10-cv-1063-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g) (Doc. No. 10)** |
| **FILED:** | November 3, 2010 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** and the case be remanded to the Commissioner of Social Security pursuant to sentence six of Section 405(g). It is further **RECOMMENDED** that the Clerk be directed to administratively close the case, but that the Court retain jurisdiction over the case.

On July 15, 2010, Victor Garcia (the "Plaintiff") filed a complaint seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. The Commissioner has not yet answered the complaint. On November 3, 2010, the Commissioner filed an unopposed Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) because the recording of the hearing is inaudible. Doc. No. 10 at 2. The Commissioner asserts that a sentence six remand is appropriate in this case because the Commissioner has yet to answer and good cause exists for a remand.

Sentence six of Section 405(g) provides:

> The court may, on motion of the Commissioner . . . made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failing to incorporate such evidence into the record in a prior proceedings. . . ."

*Id.*[1] Thus, sentence six allows for a remand in two instances: 1) for good cause shown before the Commissioner answers for further action; or 2) at anytime where new, material evidence exists and there is good cause for failing to incorporate the evidence into the prior proceedings. 42 U.S.C. § 405(g). It is recommended that the Court find good cause exists for a sentence six remand.

**THEREON** it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 10);

2. Remand the case to the Commissioner pursuant to sentence six of Section 405(g);

---

[1] Under a sentence six remand, the case remains pending before the Court.

3. Direct the Clerk to administratively close the case; and

4. Retain jurisdiction over the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 4, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties

3